82 F.3d 423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Secundino Francisco RODRIGUEZ-PONCE; Maria Auciliadora
Mejia-Reyes; Roberto Javier Rodriguez-Mejia; Oscar Ariel
Rodriguez-Mejia; Ana Maria Rodriguez-Mejia; Francisco
Martin Rodriguez-Tijerina, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70151.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Secundino Francisco Rodriguez-Ponce, Maria Auciliadora Mejia-Reyes, and their four children (collectively "petitioners") petition for review of the decision of the Board of Immigration Appeals ("BIA") dismissing their appeal of the Immigration Judge's ("IJ") denial of their requests for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h).[1] We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 
 3
 To be eligible for asylum, an applicant must show "either past persecution or a 'well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.' " Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992) (citation omitted). An asylum applicant may be eligible for asylum based on past persecution alone. Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993). In cases where the applicant or his family has suffered under atrocious forms of past persecution, such that return to the country of persecution would be inhumane, asylum should be granted. Id.
 
 
 4
 We review factual findings underlying the BIA's asylum determination for substantial evidence and will reverse only if "a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994) (citation and internal quotations omitted).
 
 
 5
 Petitioners contend that no substantial evidence in the record supports the BIA's decision that Rodriguez-Ponce failed to show that he suffered past persecution on account of his political opinion. This contention lacks merit.
 
 
 6
 At the IJ hearing, Rodriguez-Ponce claimed he suffered persecution between 1983 and 1989, when the Sandinistas used his shop as a propaganda outlet and to conduct vaccinations. He claimed that the Sandinistas detained and interrogated him, confiscated his truck keys for two hours when he refused to transport political prisoners, and took away his food ration cards. After he refused the Sandinistas further use of his shop, he received threats over the telephone. Rodriguez-Ponce contends that this evidence proves that he suffered persecution because he "did not support the political philosophy or goals and aims of the Sandinistas."
 
 
 7
 Substantial evidence supports the BIA's determination that Rodriguez-Ponce did not establish past persecution sufficient to warrant granting asylum. The telephone threats do not appear to be so severe as to compel a finding that Rodriguez-Ponce actually suffered past persecution, especially because he remained in Nicaragua unharmed for six months after receiving the threats. See e.g., Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) (finding no past persecution where petitioner was arrested, hit, kicked, and detained for four hours). In addition, the record does not contain any evidence to support a finding that Rodriguez-Ponce and his family were subjected to "substantial economic disadvantage" because his store was taken over, his truck keys were confiscated for two hours, and his food ration cards were taken away. See Kovac v. INS, 407 F.2d 102, 107 (9th Cir.1969).
 
 
 8
 We deny the petition for review because the evidence presented would not compel a reasonable factfinder to find the requisite past persecution on account of political opinion. See Acewicz, 984 F.2d at 1062. Because petitioners failed to demonstrate a well-founded fear of persecution, they also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See id. (citation and internal quotation omitted).
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The children's claims are derivative of Rodriguez-Ponce's asylum application. Although Mejia-Reyes filed a separate asylum application, her application was based on the facts of Rodriguez-Ponce's application